UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NGI CAPITAL, INC. d/b/a Apex IT,

                       Plaintiff,                      25-cv-5683 (PKC)

      -against-                                    ORDER

WATLOW ELECTRIC MANUFACTURING
COMPANY,

                       Defendant.

-----------------------------------------------------------x
CASTEL, District Judge:

       This is a rather routine diversity action by an IT vendor against a customer for non-payment of services. The claims are for breach of contract, quantum merit, unjust enrichment and account stated. The work related to "the implementation of a customer experience software product made by non-party Oracle Corporation . . . ." (ECF 19 ¶6.)

       Plaintiff seeks to seal names of individuals employed by either party listed in the First Amended Complaint ("FAC") and all 19 exhibits attached to the FAC. Defendant opposes the application entirely.

       Plaintiff is the master of its own pleading. Insofar as plaintiff seeks to redact names of a small number of employees that it included in the FAC, the application is purportedly justified by the gratuitous inclusion the FAC of proper names, rather than their titles. Insofar as plaintiff has shown, there is nothing about the nature of this IT contract dispute that would hold these non-party employees up to scorn, ridicule or public embarrassment.

       Plaintiff also elected to annex to the FAC contractual documents and other evidentiary materials, including a PowerPoint presentation, emails, outstanding balances owed,

-2-

change orders, none of which were required by the Federal Rule of Civil Procedure, Rule of Court or substantive rule of law. Plaintiff then argues that the materials it has annexed are in their entirety "confidential and propriety information belonging to the parties" and information relating to plaintiff's "own competitive standing." It also asserts that the parties contractually agreed to confidentiality.

The presumption of public access attaches to the FAC. It is the foundational pleading for the action that ought to set forth the claims and a short and concise statement of facts showing that plaintiff is entitled to relief. The Court concludes that it is a judicial document. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). The weight of the presumption is strong because the complaint explains the nature of the action to an interested member of the public. Countervailing considerations in this instance have not been shown to be strong. Nothing has been shown to be essential to higher values and narrowly tailored to serve those values.

Further counselling against sealing is the circumstance that the Master Services Agreement and Statement of Work, replete with names of employees and pricing information, are among the 19 documents sought to be sealed by plaintiff. But these two critical documents are and have been on the public docket since September 8, 2025. (ECF 11.) They are not the subject of the present application and would remain on the docket even if it were granted.

The Court declines the implicit invitation to sort through the 19 exhibits line by line, unaided by a detailed explanation from plaintiff as to why the particular line of text ought to be sealed.

The present application distracts from the needs of other litigants for judicial

-3-

attention and increases the cost of defense to the opposing party. The making of the application was poorly considered.

The motion to seal (ECF 16) is DENIED and unredacted versions shall be filed on the public docket within 5 days, except that any email addresses and phone numbers in the exhibits to the FAC may be redacted, along with any material permitted to be redacted under Rule 5.2, Fed. R. Civ. P.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 20, 2025